UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) **Marlene Coleman-Scruggs** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 23-CV-131-JAR |
| | ) | |
| v. | ) | |
| | ) | |
| (1) **United States of America;** | ) | |
| (2) **St. John Medical Center, Inc.; dba Ascension St. John Medical Center;** | ) | |
| (3) **Tulsa Radiology Associates, Inc.;** | ) | |
| (4) **and Andra Dale Nuzum-Keim,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ST. JOHN MEDICAL CENTER, INC. D/B/A ASCENSION ST. JOHN MEDICAL CENTER'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL AND REQUEST FOR EVIDENTIARY HEARING**

COMES NOW the Defendant, St. John Medical Center, Inc. d/b/a Ascension St. John Medical Center ("SJMC" or "Defendant"), by and through its undersigned counsel of record, Charles H. Moody and Daniel C. Adams of the law firm of Rodolf & Todd, and hereby submits its *Motion to Disqualify Plaintiff's Counsel and Request for Evidentiary Hearing*. In support hereof, SJMC would show the Court as follows:

**STATEMENT OF THE CASE**

This is a medical negligence case filed by Plaintiff Marlene Coleman-Scruggs ("Plaintiff") against SJMC and Co-Defendants Andra Dale Nuzum-Keim ("Dr. Keim"), the United States of American ("USA"), and Tulsa Radiology Associates, Inc. ("TRA") on April 20, 2023. Exhibit A, *Complaint*. [Dkt. #2]  Plaintiff alleges that on April 30, 2021, Dr. Keim performed a mammogram on Plaintiff at SJMC. Exhibit A, p. 3.  Plaintiff alleges that the mammogram showed an abnormal mass in her left breast; however, she claims the results of the mammogram were not communicated

1

to her by SJMC or any of the Co-Defendants. Exhibit A, p. 3.  On or about January 27, 2022, Plaintiff had a second mammogram, and Plaintiff alleges this second scan showed that the mass had grown. Exhibit A, p. 3.  Plaintiff alleges that the delay in communicating the results of the first mammogram resulted in the mass growing and caused her to undergo more extensive cancer treatment, including radiation and surgery, that she would not have needed if she had been given the results of the first mammogram. Exhibit A, p. 3. SJMC denies all of Plaintiff's allegations.

Plaintiff was originally represented in this lawsuit by Anthony Laizure ("Mr. Laizure") at Laizure Law Firm. *See* Exhibit A.  On February 15, 2024, Mr. Laizure moved to withdraw as counsel for Plaintiff. [Dkt. #51]  Mr. Laizure's *Motion* was granted by the Court on February 21, 2024. [Dkt. #53]  The Court's *Order* gave Plaintiff until April 22, 2024 to retain new counsel or proceed *pro se*.  On April 22, 2024, Plaintiff moved for an extension of time to retain counsel, and the Court granted Plaintiff until May 10, 2024 to find counsel or proceed *pro se*. [Dkt. ## 56-57] On May 10, 2024, Plaintiff filed her second request for additional time to retain counsel, and the Court then granted Plaintiff until June 3, 2024 for the same. [Dkt. ## 60-61]  On June 4, 2024, Plaintiff's new lawyer, Jason C. Rush ("Mr. Rush") of Rush Law, entered his appearance in the case. [Dkt. #62]

Mr. Rush opened Rush Law in May 2024.  Prior to that, Mr. Rush was a partner at Rodolf & Todd.  Mr. Rush first joined Rodolf & Todd as an associate attorney in 2009, and he became a partner in 2014.  He left Rodolf & Todd on April 30, 2024 to open Rush Law. Rodolf & Todd represents SJMC in this lawsuit, and additionally, Rodolf & Todd has represented SJMC in its medical negligence cases for twenty-five years.  Mr. Rush has represented SJMC numerous times during his employment at Rodolf & Todd.  As a result of his representation, Mr. Rush has detailed and intimate knowledge about SJMC, its policies and procedures, its risk management department,

2

peer review, credentialing, and other information that he would not be privy to but for his attorney-client relationship with SJMC. While Mr. Rush was not personally assigned to this case, this case was an open file at Rodolf & Todd during Mr. Rush's employment there. Additionally, up until April 30, 2024, Mr. Rush was actively representing SJMC in other lawsuits during the time this case was filed, including preparing to represent SJMC at trial in another matter on May 6, 2024.[1]

This case provides a classic example of when an attorney is prohibited from representing a client due to his former representation of an opposing party. As shown below, Mr. Rush and Rush Law should be disqualified from representing Plaintiff in this lawsuit.

## ARGUMENTS AND AUTHORITIES

The Oklahoma Supreme Court recognized that the right to select one's own counsel is "not absolute." *Towne v. Hubbard*, 2000 OK 30, ¶ 15, 3 P.3d 154. A litigant's choice of counsel may be set aside under certain circumstances, where honoring the litigant's choice would threaten the integrity of the judicial process. *Miami Bus. Serv., LLC v. Davis*, 2013 OK 20, 299 P.3d 477; *Arkansas Valley State Bank v. Phillips*, 2007 OK 78, 171 P.3d 889. This most often arises where an attorney's compliance with ethical standards of professional responsibility, including standards regarding conflicts of interest, is challenged. *Towne*, 2000 OK at ¶ 15 (*citing People v. Speedee Oil Change Systems, Inc.*, 20 Cal. 4th 1135, 86 Cal. Rptr. 2d 816, 980 P.2d 371 (1999)).

Where an attorney has previously represented a client, the Court has recognized that "there is always a possibility, however remote, that confidential information received from the original client may be used to his detriment." *Ne. Okla. Cmty. Dev. Corp. v. Adams*, 1973 OK 58, ¶ 16, 510 P.2d 939, 942. Before granting a motion to disqualify due to a conflict of interest, a court should hold an evidentiary hearing. *Miami Bus.*, 2013 OK at ¶ 10.

---

[1] Ultimately, Mr. Rush did not try this case in Tulsa County. Because his last day at Rodolf & Todd was on April 30, 2024, Mr. Moody entered his appearance and tried that case with another associate attorney.

The Oklahoma Rules of Professional Conduct govern the issue before this Court. A fundamental tenant of the Rules is that a client's confidential information is to be preserved. *See* Oklahoma Rules of Professional Conduct, Rule 1.6 and comments thereto (providing that "[a] fundamental principle in the client-lawyer relationship is that, in the absence of the client's informed consent, the lawyer must not reveal information relating to the representation . . . This contributes to the trust that is the hallmark of the client-lawyer relationship"). This fundamental tenant is reflected in the rules governing conflicts of interest, including Rule 1.9, which governs Mr. Rush's disqualification.

Rule 1.9 is titled "Conflicts of Interest: Duties to Former Clients" and provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." Oklahoma Rules of Professional Conduct, Rule 1.9. The comments to Rule 1.9 make it abundantly clear that an attorney has continuing duties with respect to confidentiality and conflicts of interest after the termination of the client-lawyer relationship. *Id*. Comment 1 provides that "[a]fter termination of a client-lawyer relationship, a lawyer has certain continuing duties with respect to confidentiality and conflicts of interest and thus may not represent another client, except in conformity with this Rule." *Id*. In addition, Rule 1.9 provides that a lawyer who has formerly represented a person shall not thereafter use information relating to that representation to the disadvantage of a former client. *Id*.

Here, Mr. Rush previously represented SJMC for the entirety of his employment at Rodolf & Todd. Mr. Rush was working at Rodolf & Todd when the instant lawsuit was filed, and he had unfettered access to all SJMC files on the Rodolf & Todd network. This case was discussed at

4

firm reviews of open cases in the office, and because of his representation of SJMC, Mr. Rush has confidential information about SJMC that he would not have but for his attorney-client relationship with the Hospital. Mr. Rush represented SJMC up until his last day at Rodolf & Todd on April 30, 2024. As a result, Mr. Rush cannot now represent Plaintiff in this lawsuit against SJMC. To do so would violate Rule 1.9, and therefore, Mr. Rush should be disqualified.

SJMC anticipates that Mr. Rush will argue that he was not personally assigned to this case and did not discuss or access this case while he was working at Rodolf & Todd. However, under Rule 1.9(a), disqualification is not dependent on whether a lawyer has discussed the instant case with other members of the Rodolf & Todd. Instead, the conflict created when a lawyer switches sides in the same or substantially similar lawsuit is so fundamental that representation is prohibited absent the client's consent. Comment 1 to Rule 1.9 explains that the following conflicts require disqualification:

> Under this Rule, for example, a lawyer could not properly seek to rescind on behalf of a new client a contract drafted on behalf of the former client. So also a lawyer who has prosecuted an accused person could not properly represent the accused in a subsequent civil action against the government concerning the same transaction. Nor could a lawyer who has represented multiple clients in a matter represent one of the clients against the others in the same or substantially related matter after a dispute arose among the clients the matter, unless all affected clients give informed consent.

Rule 1.9, comment 1; see also Rule 1.9, comment 2 (providing that "[w]hen a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests in that transaction clearly is prohibited.").[2]

---

[2] In contrast, Rule 1.9(b) addresses conflicts when the attorney did not actually represent the former client, but his former law firm did. Unlike Rule 1.9(a), a motion to disqualify in that setting must show that the attorney actually acquired confidential information. According to comment 5, "paragraph (b) operates to disqualify the lawyer only when the lawyer involved had actual knowledge of confidential information."

In contrast, the case at bar involves the most obvious fundamental conflict possible: when an attorney switches sides and represents a party adverse to his former client in the same or substantially similar matter. It is undisputed that Mr. Rush represented SJMC in medical negligence cases for more than 14 years. His representation of SJMC in other medical negligence cases allowed Mr. Rush to gain confidential information about the client, and under Rule 1.9, it simply does not matter whether Mr. Rush discussed this specific case with anyone else at Rodolf & Todd. Rather, the relevant facts are that Mr. Rush represented SJMC in medical negligence cases until April 30, 2024. Mr. Rush then entered his appearance for Plaintiff on June 4, 2024, wherein he is pursuing medical negligence claims against SJMC. This is prohibited.

If an attorney is disqualified under Rule 1.9, that disqualification is imputed to the attorney's new law firm under Rule 1.10(a). In relevant part, Rule 1.10(a) provides: "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rule 1.7 or Rule 1.9, unless the prohibition is based on a personal interest of the prohibited lawyer and does not represent a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm." Oklahoma Rules of Professional Conduct, Rule 1.10. The purpose behind Rule 1.10(a) is further described in Comment 2 to the rule, which states: "[t]he rule of imputed disqualification stated in paragraph (a) gives effect to the principle of loyalty to the client as it applies to lawyers who practice in a law firm. Such situations can be considered from the premise that a firm of lawyers are essentially one lawyer for purposes of the rules governing loyalty to the client, or from the premise that each lawyer is vicariously bound by the obligation of loyalty owed by each lawyer." *Id*.

It is undisputed that Mr. Rush is disqualified from representing Plaintiff in this lawsuit given that he represented SJMC in medical negligence cases for more than 14 years. It is also undisputed that Mr. Rush's disqualification is imputed to Rush Law under Rule 1.10(a). Mr. Rush's disqualification is not based upon any personal interest which might avoid imputed disqualification; rather, it is based upon Mr. Rush's conflict of interest due to his prior representation of SJMC. Under the plain language of Rule 1.10(a), Rush Law is disqualified because Mr. Rush, practicing alone, would be disqualified. To preserve the integrity of the judicial process, the Court should disqualify Rush Law from representing Plaintiff in this matter.

WHEREFORE, premises considered, Defendant St. John Medical Center, Inc. d/b/a Ascension St. John Medical Center hereby submits its *Motion to Disqualify Plaintiff's Counsel and Request for Evidentiary Hearing* and respectfully requests that the Court enter an Order disqualifying Jason C. Rush and Rush Law from acting as Plaintiff's counsel in the instant action and further award SJMC any other relief to which it is entitled.

Respectfully submitted,

s/ Charles H. Moody
Charles H. Moody, OBA 17237
Daniel C. Adams, OBA 30969
**RODOLF & TODD**
15 E. 5th Street, 6th Floor
Tulsa, OK 74103
918-295-2100
918-295-7800 facsimile
Chad@rodolftodd.com
Daniel@rodolftodd.co
*Attorneys for St. John Medical Center, Inc. d/b/a Ascension St. John Medical Center*

## CERTIFICATE OF SERVICE

   I hereby certify that on this 1st day of July, 2024, I electronically transmitted the foregoing document to the Clerk of Eastern District using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Jason Rush – Jason@rushlaw.net
Thomas LeBlanc – tleblanc@bestsharp.com
Andrew C. Garrison – agarrison@bestsharp.com
Michael J. O'Malley – Michael.OMalley@usdoj.gov
Alexander Sizemore - Alexander.Sizemore@usdoj.gov

                s/ Charles H. Moody