UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARLENE COLEMAN-SCRUGGS, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>(1) UNITED STATES OF AMERICA;<br><br>(2) ST. JOHN MEDICAL CENTER, INC.; DBA, ASCENSION ST. JOHN MEDICAL CENTER;<br><br>(3) TULSA RADIOLOGY ASSOCIATES, INC.; and,<br><br>(4) ANDRA DALE NUZUM-KEIM.<br><br>Defendants. | Case No.: 23-CV-131-JAR |

**PLAINTIFF'S RESPONSE TO MOTION TO DISQUALIFY COUNSEL**

The motion to disqualify is disingenuous for its failure, whether deliberate or ignorant, to reference the Supreme Court of Oklahoma decision, *Board of Cnty. Commissioners of Harmon Cnty. v. Ass'n of Cnty. Commissioners of Oklahoma Self-Insured Grp.*, 485 P.3d 234 (Okla. 2021), which is on-point to all four corners of this particular issue. Instead, Defendant St. John Medical Center, Inc., d/b/a/ Ascension St. John Medical Center ("SJMC") merely quotes two Oklahoma Rules of Professional Conduct, in a vacuum, and wholly fails to address Oklahoma, or federal, case law analyzing these Rules. In this case, Plaintiff Marlene Coleman-Scruggs' counsel, Jason C. Rush ("Counsel"), should not be disqualified in this matter simply because he represented SJMC in other matters in the past. It is undisputed that Counsel never represented SJMC, or any other defendant, in *this* matter. Mere former representation of a party in other matters does not

1

meet the high burden of disqualification under federal or Oklahoma, and that is all SJMC has presented here. Accordingly, SJMC's motion to disqualify should be denied.

## INTRODUCTION AND SUMMARY

Counsel left Rodolf & Todd and formed Rush Law on May 1, 2024.[1] Counsel worked as an associate at Rodolf & Todd from 2009 to 2014; thereafter, Counsel was a partner through April 2024.[2] During his tenure, Counsel represented SJMC in other matters; however, Counsel neither entered his appearance in, nor even worked on, the present matter.[3] Counsel never accessed Rodolf & Todd's "open file" on this case and is wholly unaware of its contents.[4] Counsel was unaware of the status of the present litigation as of May 2024, when he formed Rush Law and did not even discuss the possibility of Plaintiff's representation in this matter until after he left his employment at Rodolf & Todd.[5] Counsel does not possess or recall any material or confidential client information from SJMC.[6]

As a matter of custom and routine, partners at Rodolf & Todd, during the time Counsel was employed there, did not typically get involved in a client's case unless they were the assigned handling attorney.[7] When Counsel worked there, Karen L. Callahan would assign a partner to specific SJMC cases and that partner would, in turn, select their associate(s) to work that file.[8] As previously stated, Counsel was not assigned to represent SJMC in this litigation and never worked on the case in that capacity.[9]

---

[1] Ex. 1: Affidavit of J. Rush at ¶¶ 1, 2.
[2] *Id.* at ¶ 2.
[3] *Id.* at ¶¶ 3, 6, 7.
[4] *Id.* at ¶¶ 9, 10
[5] *Id.* at ¶ 8.
[6] *Id.* at ¶¶ 11, 12.
[7] *Id.* at ¶ 5.
[8] *Id.* at ¶ 13.
[9] *Id.* at ¶ 6.

Regarding "firm reviews of open cases," SJMC's motion neither states that Counsel attended those meetings or participated in those discussions.[10] This is likely due to the fact that Counsel customarily did not attend those reviews.[11] Even on the rare occasion when Counsel did attend, he often only attended that portion of the meeting pertaining to his actual cases.[12] Furthermore, SJMC's motion does not state that material or confidential client information was disseminated at "firm reviews."[13]

Based on this evidence, there is no "real harm to the integrity of the judicial process … if [Counsel] is not disqualified." *Miami Bus. Servs., LLC v. Davis*, 299 P.3d 477, 484 (Okla. 2013). Thus, Ms. Coleman-Scruggs respectfully submits that, and as demonstrated below, this Court should deny SJMC's motion to disqualify her counsel of choice.

## STANDARD OF REVIEW

"[M]otions to disqualify counsel are committed to the Court's sound discretion." *Grant v. Flying Bud Farms, LLC*, Case No. 22-CV-1-TCK-CDL, 2022 WL 2955147, at *3 (N.D. Okla. July 26, 2022). "[B]ecause motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law." *Cole v. Ruidoso Mun. Schs.*, 43 F3d 1373, 1383 (10th Cir. 1994). "[A]lthough federal courts must consult state rules of professional conduct, they are not bound by state-court interpretations of such rules." *Grant*, 2022 WL 2955147 at *3. "Nonetheless, because 'it would arguably create procedural difficulties for practitioners in Oklahoma were we to adopt an interpretation of [an ORPC] different from that adopted by the Oklahoma Supreme Court,' the Court must 'apply[]

---

[10] Motion at p. 4-5.
[11] *Id.* at ¶ 14.
[12] *Id.*
[13] Motion at pp. 4-5. To this point, procedural status updates would not qualify as "material or confidential client information" that would warrant disqualification.

standards developed under federal law,' while attempting to avoid any inconsistencies with state law that would 'create procedural difficulties for practitioners in Oklahoma.'" *Id.* (internal citations omitted). Furthermore, this "Court [has] adopt[ed] the Oklahoma Rules of Professional Conduct as adopted and amended from time to time by the Supreme Court of Oklahoma as the standard governing attorney conduct in this Court." LCvR 83.6(b). Thus, the OPCR applies and the Oklahoma Supreme Court's interpretation of the OPCR should be instructive to this Court.

## ARGUMENT AND AUTHORITIES

Defendants seek disqualification of Ms. Coleman-Scruggs' counsel pursuant to Rules 1.9 and 1.10 of the Oklahoma Rules of Professional Conduct. 5 O.S. ch. 1, app. 3A at Rules 1.9 and 1.10.[14] Under Rule 1.9, "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person *in the same or a substantially related matter* in which that person's interests are materially adverse to the interests of the former client…." Rule 1.9(a) (emphasis added). While Counsel has represented SJMC in previous matters, he has never represented SJMC, or any other defendant, in this matter. Therefore, the question turns on how Oklahoma jurisprudence analyzes the representation of a former client under Rule 1.9.

Disqualification of counsel in Oklahoma is no longer governed by the "appearance of impropriety" standard. *Arkansas Valley State Bank v. Phillips*, 171 P.3d 899, 903 (Okla. 2007). Instead, "the proper test for granting a motion to disqualify counsel is whether real harm to the integrity of the judicial process is likely to result if counsel is not disqualified. The burden rests with the moving party to establish the likelihood of such harm by a preponderance of the evidence." *Id.* at 910-11. "This is a high standard." *Harmon County*, 485 P.3d at 237.

---

[14] Counsel is the only attorney practicing with Rush Law; therefore, Rule 1.10 is not, presently, relevant to this issue and will not be discussed further herein.

4

"[A] party litigant in a civil proceeding still has a fundamental right to *employ* and be heard by counsel of his or her own choosing." *Arkansas Valley State Bank*, 171 P.3d at 904 (emphasis by the Court) (footnote omitted). "An individual's decision to employ a particular attorney can have profound effects on the ultimate outcome of litigation. Legal practitioners are not interchangeable commodities." *Id*. "Personal qualities and professional abilities differ from one attorney to another, making the choice of a legal practitioner critical both in terms of the quality of the attorney-client relationship and the type and skillfulness of the professional services to be rendered." *Id*. at 904-05 (footnotes omitted). "Disqualification is such a drastic measure that it should be invoked if, and only if, the Court is satisfied that real harm is likely to result." *Id*. at 905.

The Defendant, as the moving party who has a heavy burden, must come forward with evidence that Counsel possesses material and confidential information to warrant disqualification. *Miami Bus. Servs., LLC*, 299 P.3d at 487. This requires an evidentiary hearing and "a specific factual finding that the attorney had knowledge of *material and confidential information*." *Id*. at 483 (footnote omitted) (emphasis added).[15] Stated differently, "[b]efore the trial court can determine that an attorney should be disqualified based on conflict of interest or improper possession of confidential information, it must hold an evidentiary hearing and make a specific factual finding in its order of disqualification that the attorney had knowledge of material and confidential information." *Id*. at 486 (footnotes omitted).

The facts presented here are nearly identical to those before the Oklahoma Supreme Court in *Harmon County* and SJMC's failure to reference the decision is telling about the merits of the

---

[15] Neither material nor confidential are defined in the Rules. The word "material" is defined as "[h]aving some logical connection with the consequential facts," and "[o]f such a nature that knowledge of the item would affect a person's decision-making; significant; essential." Black's Law Dictionary 998 (8th ed. 2004). The word "confidential" is defined as "meant to be kept secret." *Id*. at 318.

motion. In *Harmon County*, an attorney represented a self-insured group in a "nearly identical matter four years prior" to representing an opposing party in a new, but related, case against that same self-insured group. 485 P.3d at 236.[16] After determining that the lawyer had represented the party seeking disqualification in a similar matter, the Court explained, "the similarity of the two matters does not end the inquiry." *Id.* at 241. Instead, "the question for required disqualification is whether, because of the similar representation, the attorney who is alleged to be disqualified gained knowledge of any material or confidential information which would jeopardize the integrity of judicial process." *Id*. The *Harmon County* Court reviewed the evidence of the lawyer's prior representation of the movant, finding that the lawyer "1) never met with [movant], other than one lunch meeting he attended with a firm partner; 2) never obtained any confidential information or had any personal recollection of any; 3) never met with employees of [movant]; and 4) never participated in settlement conferences or depositions." *Id*. at 241. Based on this record, the Court concluded that the evidence showed that the lawyer "had access to nothing more than general information about [the movant's] policies, and not any knowledge of specific facts gained which should preclude representation." *Id*. at 241-42.

The instant matter warrants the same result.[17] SJMC merely states that Counsel, at most, had access to "its policies and procedures, its risk management department, peer review,

---

[16] In *Harmon County*, the subsequent lawsuit "centered around the Liability Protection Agreement, and ACCO-SIG's lawyers, and the firm's failed settlement negotiations in the Sheriff's federal lawsuit. The Board alleged breach of contract by ACCO-SIG, and professional negligence/malpractice by the firm." 485 P.3d at 235. In this case, the only "similarity" between Counsel's prior representation of SJMC and the present case is the fact that those matters, generally, involve medical negligence (and these medical defendants always argue each medical negligence is based on a unique set of facts and circumstances).

[17] Counsel anticipates that SJMC may focus on the "four years prior" language in *Harmon County*, in an attempt to distinguish the two cases from each other; however, this argument is misplaced. The first *Harmon County* matter actually resolved on September 23, 2016, and the subsequent matter initiated on February 1, 2018; therefore, the two matters were separated by less than

credentialing, and other information that he would not be privy to but for his attorney-client relationships with SJMC."[18] These are not the "specific facts" referenced in *Harmon County* which would warrant disqualification. SJMC essentially concedes that Counsel has no knowledge, whatsoever, about SJMC's defense in this case. Therefore, *Harmon County* is dispositive on all four corners of this issue, as Counsel: (1) never met with SJMC about this case; (2) never obtained any confidential information or has any personal recall of confidential information; (3) never met with SJMC employees about this case; and, (4) never participated in any settlement discussions or depositions related to this case. It is undisputed that Counsel was not assigned to this case and, while SJMC vaguely alludes to discussions about this case at "firm reviews of open cases;" there is no evidence that Counsel was present for, or participated in, those discussions.[19]

Cases are not "substantially similar," simply because they are both medical malpractice cases. In fact, medical malpractice attorneys and their clients consistently argue that each medical malpractice case is unique and dependent upon the facts and circumstances surrounding the patient, the patient's present condition and medical history, the procedure being performed, etc. Contrary to SJMC's assertion, this is **not** the "classic example of when an attorney is prohibited from representing a client due to his former representation of the opposing party." Far from it. As such, SJMC cannot meet the heavy burden of showing that Counsel possesses material and confidential information of SJMC, even by its own vague allegations. Counsel was never assigned to represent SJMC in this case, by SJMC's own concession; therefore, Counsel could not possess

---

eighteen (18) months. Furthermore, the second *Harmon County* case involved litigation from the first matter; therefore the "nearly identical" nature of those two cases is much stronger than any "similarity" in this case.
[18] Motion at pp. 2-3.
[19] There is also no assertion that "material and confidential information" was even discussed in those reviews.

any client information which is material and confidential from SJMC. Counsel has never accessed Rodolf & Todd's file on this case, or at least has no personal recall of doing so. Counsel has no recall of ever discussing this case with any former colleague at Rodolf & Todd. Simply put, Counsel had no access to information about SJMC, beyond general policy and procedure information that would prohibit his representation of Ms. Coleman-Scruggs in this case.[20] There is no harm to the integrity of the judicial process by allowing Counsel's representation in this matter. SJMC cannot meet this high burden and the motion to disqualify should be denied.

## CONCLUSION

There is no need to disqualify Counsel as he does not possess or recall any material and confidential client information from SJMC. Mere representation of a client in the past cannot warrant disqualification from all future representations involving that same client in the future. Such a result is untenable and would effectively hamstring attorneys across the state. The ramifications of SJMC's disqualification rationale, if thought through to conclusion, are truly alarming and irrational. Effectively no attorney could ever truly change firms or advance their careers professionally, because they would be precluded from any case in which former clients, oftentimes large corporations or medical entities, were involved.[21] That is unconscionable, nonsensical, and not a result mandated by Oklahoma law. There is no basis to disqualify Ms. Coleman-Scruggs' chosen counsel. Based on the foregoing, Ms. Coleman-Scruggs respectfully submits that this Court should deny Defendants' motion to disqualify in this case.

Respectfully submitted,

---

[20] Having knowledge that a hospital has policies and procedures, has a risk management department, and conducts peer review and credentialing, does not rise to the level "material and confidential client information." All hospitals have and do the same thing.

[21] Even representation of potentially adverse co-defendants, which is common in complex, multi-party litigation, would trigger SJMC's disqualification position, as basic knowledge of a competitor's policies and practices would apparently disallow representation of a co-defendant under SJMC's take.

Respectfully submitted,

RUSH LAW

/s/Jason Rush
Jason Rush, OBA #20322
P.O. Box 1361
Jenks, OK 74037
P: (918) 918-7874
jason@rushlaw.net
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

      I hereby certify that on this, the 19th day of July 2024, the foregoing was submitted to the Clerk of Court using the Court's ECF System for filing and for transmittal of a Notice of Electronic Filing to all counsel of record in this case.

                                                    /s/Jason Rush