## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | |
|---|---|
| TRACY EMORY, an individual, | ) **DISTRICT COURT** |
| | ) **FILED** |
| Plaintiff, | ) NOV 1 3 2019 |
| v. | ) DON NEWBERRY, Court Clerk |
| | ) STATE OF OKLA. TULSA COUNTY |
| ST. JOHN MEDICAL CENTER, INC., an Oklahoma corporation, | ) |
| ST. JOHN HEALTH SYSTEM, INC., an Oklahoma corporation, | ) Case No.: CJ-2019-04085 |
| GEORGE COMAS, M.D., an individual, | ) Judge Linda G. Morrissey |
| ANDRA NUZUM-KEIM, M.D., an individual, | ) |
| HEATHER CHA, M.D, an individual, | ) |
| PEGGY KRISA, M.D., an individual, and | ) |
| JOHN HAPLIN, D.O., an individual, | ) |
| Defendants. | ) |

### ST. JOHN MEDICAL CENTER, INC.'S
### ANSWER TO PLAINTIFF'S PETITION

COMES NOW the Defendant, St. John Medical Center, Inc. ("SJMC" or "Defendant"), by and through its attorney of record Jason C. Rush of the law firm of Rodolf & Todd, and submits its Answer to Plaintiff's Petition as follows:

All answers represent those of this Defendant only. To the extent that Plaintiff's Petition addresses the Co-defendants, this Defendant has no responsive pleading. Further, all allegations not specifically admitted herein shall be deemed to be denied and this Defendant demands strict proof of all denied allegations.

1

**EXHIBIT A**

1. In response to Paragraph 1 of Plaintiff's Petition, Defendant admits that according to the medical records Plaintiff was staying in Osage County at the time she was treated at SJMC in May of 2019.

2. In response to Paragraph 2 of Plaintiff's Petition, Defendant admits that it is an Oklahoma Corporation operating in Tulsa County. Defendant further admits that the sole member of SJMC is St. John Health System, Inc.

3. Paragraph 3 of Plaintiff's Petition is not directed at this Defendant, therefore no response is deemed necessary.

4. In response to Paragraph 4 of Plaintiff's Petition, Defendant Krisa admits she had privileges at SJMC.

5. Defendant admits that Venue in Tulsa County is proper.

6. In response to Paragraph 6 of Plaintiff's Petition, Defendant admits that according to the medical records Plaintiff arrived to SJMC at 11:48 p.m. on May 19, 2019 via ambulance. Plaintiff complained of sharp, stabbing chest pain that began approximately four (4) hours early and was severe. Shortly after midnight, Plaintiff's blood pressure was 151/78. To the extent the remaining allegations are directed at this Defendant, those allegations are denied as worded.

7. In response to Paragraph 7 of Plaintiff's Petition, Defendant admits that according to the medical records Plaintiff was taken to the OR for surgery at approximately 6:38 a.m. on May 20, 2019 for concern for a type A aortic dissection or IMH.

**EXHIBIT A**

8. In response to Paragraph 8 of Plaintiff's Petition, Defendant admits that according to the medical records Plaintiff fortunately did not have a type A aortic dissection. However, Defendant denies that the exploratory surgery was unnecessary and demands strict proof thereof.

9. Denied.

10. Denied.

11. Defendant denies any and all allegations and claims of damages in Plaintiff's "WHEREFORE" Paragraph.

## AFFIRMATIVE DEFENSES

Pending the completion of discovery, Defendant's affirmative defenses may include, but are not limited to, the following:

1. This Defendant denies that it, or any of its agents or employees, is guilty of any type of professional negligence.

2. Should this Defendant, or any of its employees or agents, be found guilty of professional negligence, which is not admitted, but expressly denied, this Defendant would state that the professional negligence was not the proximate cause of Plaintiff's alleged injury and damage.

3. This Defendant would state that at all times the care, treatment and services performed for Tracy Emory during any time at SJMC was commensurate with the standards of care with other hospitals in the community, or practicing under the same or similar conditions.

4. The defenses set forth in 12 O.S. § 2012.

**EXHIBIT A**

5. SJMC's conduct was not grossly negligent or in reckless disregard for Plaintiff's rights.

6.

7. Defendant denies there are any facts to substantiate a claim for punitive damages.

8. Punitive damages are unconstitutional.

9. For further defense, Defendant alleges and states that any injuries and damages complained of in Plaintiff's Petition are the natural, probable, and proximate result of the physical condition, anatomy, and physiology of Plaintiff. Any such injuries or damages which Plaintiff may have sustained were not the result of any acts or omissions on the part of Defendant, and any injuries or damages sustained by Plaintiff are the result of natural and normal occurrences within Plaintiff over which Defendant had no control.

10. Plaintiff's Petition, to the extent it seeks punitive damages, violates Defendant's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and the Constitution of the State of Oklahoma.

11. Plaintiff's Petition, to the extent it seeks punitive damages, violates Defendant's right to equal protection under the law and is otherwise unconstitutional under the United States Constitution and the Constitution of the State of Oklahoma.

12. Plaintiff's damages are limited by statutory provision.

13. Plaintiff is precluded from recovering medical bills paid for by a third party and for which the third party does not possess, claim, demand, or assert a right of subrogation or recovery. In this regard, Defendant reserves the right to strike any evidence of medical bills charged, but for which a lesser amount was accepted as

**EXHIBIT A**

payment and for which there is no longer a claim, demand, or other right to recovery asserted for the unpaid portion.

14. Defendant claims all caps and defenses afforded by Title 12 O.S. § 3009.1.

15. Defendant invokes all defenses, limitations on damages, caps, and other relief afforded by 63 O.S. §1-1708.1A, et seq.

16. Defendant invokes all defenses, limitations on damages, and other relief afforded by 23 O.S. §§ 15 and 61.2.

17. If Plaintiff recovers damages from Defendant, she is entitled to contribution, set-off, and/or indemnification, either in whole or in part, from all persons or entities whose alleged negligence or fault proximately caused or contributed to cause the alleged injuries and damages.

18. Defendant is not responsible or liable for the actions of third-parties, including Co-defendants.

19. Defendant's investigation and discovery have not been completed. Therefore, Defendant reserves the right to amend this Answer herein to allege any further defenses, affirmative defenses, or third party claims which such investigation and discovery may reveal.

**EXHIBIT A**

WHEREFORE, premises considered, Defendant St. John Medical Center, Inc. prays Plaintiff takes nothing by way of the Petition, that this action be dismissed, and Defendant be awarded any and all costs, attorney fees, and all other relief this Court deems just and proper.

Respectfully submitted,

Jason C. Rush, OBA 320322
**RODOLF & TODD**
15 E. 5th Street, Sixth Floor
Tulsa, OK 74103-4014
918-295-2100
918-295-7800 facsimile
jrush@rodolfotdd.com
*Attorney for Defendants St. John Medical Center, Inc., an Oklahoma corporation*

**CERTIFICATE OF SERVICE**

This is to certify that on this __13__ day of __November__, 2019 a true and correct copy of the foregoing document was served upon the following individual(s) *via* one or more of the following methods: first-class mail with sufficient postage duly prepaid, facsimile, electronic transmission, or hand delivery.

Gregory J. Denney, Esq., OBA No. 17918
GregDenneyLaw, PLLC
1204 South Cheyenne Avenue
Tulsa, OK 74119
918-295-0077
918-295-8578
greg@gregdenneylaw.com
*Attorney for Plaintiff*

7

**EXHIBIT A**