## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

TRACY EMORY, an individual, )
)
    Plaintiff, )
)
v. )       Case No.: CJ-2019-04085
)       Judge Linda G. Morrissey
ST. JOHN MEDICAL CENTER, INC., )
an Oklahoma corporation, )
ST. JOHN HEALTH SYSTEM, INC., )
an Oklahoma corporation, )
GEORGE COMAS, M.D., )
an individual, )
ANDRA NUZUM-KEIM, M.D., )
an individual, )
HEATHER CHA, M.D, an individual, )
PEGGY KRISA, M.D., an individual, )
and )
JOHN HAPLIN, D.O., an individual, )
)
    Defendants. )

## DEFENDANT ST. JOHN MEDICAL CENTER, INC.'S
## FIRST SET OF WRITTEN DISCOVERY TO PLAINTIFF

COMES NOW the Defendant St. John Medical Center, Inc., (hereinafter "SJMC" or "Defendant"), by and through its counsel of record, Jason C. Rush and Brenna N. Wiebe of the law firm Rodolf & Todd, and hereby requests that Plaintiff responds to the following discovery requests, under oath, within thirty (30) days in accordance with OKLA. STAT. tit. 12 §§ 3225, 3234 and 3236.

In the event that you seek to withhold information sought by these requests by claiming that it is privileged or protected for any reason, please make such claim expressly and describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable the Defendant to assess

**EXHIBIT B**

the applicability of the privilege or protection you claim, as required by Section 3226(B)(4) of the Oklahoma Discovery Code.

## INSTRUCTIONS

These Interrogatories are directed toward all information known or available to you, including information contained in records and documents in your custody or control or available to you upon reasonable inquiry. Where Interrogatories cannot be answered in full, they shall be answered as completely as possible, and incomplete responses shall be accompanied by a specification of the reasons for the incompleteness of the answer and whatever knowledge, information, or belief is possessed with respect to each unanswered or incompletely answered Interrogatory.

The requested documents contained herein shall be produced for inspection and copying at the offices of Rodolf & Todd, 15 East 5th Street, 6th Floor, Tulsa, Oklahoma, between the hours of 8:30 a.m. and 5:00 p.m.

Unless indicated, all information is requested as of the date of the answers to these discovery requests. These discovery requests shall be deemed continuing in nature so as to require supplemental answers and document production when, and if, Plaintiff obtains further information between the time the answers are served and filed and the time of trial.

These discovery requests are intended to ascertain information in your possession, or that of your agents or employees, including attorneys, investigators, accountants, and information contained in records and documents in your or their custody or control, or available to you or them.

The Plaintiff will take notice that the Requests for Admission as contained herein will be deemed admitted unless within thirty (30) days from service thereof, a sworn statement specifically denying the requested admissions or written objections thereto as filed with the Court. The Plaintiff

**EXHIBIT B**

will further take notice that she may be required to pay the reasonable expenses incurred in making such proof of facts requested herein.

## DEFINITIONS

1. "Person" includes natural persons, sole proprietorships, partnerships, groups, associations, organizations, corporations, governments, and governmental agencies and subdivisions.

2. "And" and "or" mean "and/or." Wherever the word "any" appears, the meaning intended is "any and all." The singular form shall be deemed to apply to the plural where applicable, and vice versa.

3. "Plaintiff," "you" or "your" refers to Tracy Emory, and/or any of her agents, employees, representatives, private investigators, accountants, attorneys, or any other person acting on her behalf.

4. "Identify" with regard to a person means to state the full name and address of the person; or with regard to a document, "identify" means to state the author, date of creation, number of pages, custodian, and title of the document.

5. "Document" means any written or graphic matter, including original, drafts, and non-identical copies, however produced or reproduced, of every kind and description known by you, including, but not limited to, all writings, drawings, graphs, charts, photographs, papers, books, accounts, letters, messages, transcriptions, financial statements, articles, periodicals, tapes or recordings, data compilations from which information can be obtained or can be translated through any decoding device into reasonably usable form, information stored in or accessible through computers or other information storage or retrieval systems, together with the codes and/or programming instructions or any other materials necessary to understand and use such systems.

**EXHIBIT B**

6. In the event any documents called for are to be withheld on the basis of a claim of privilege, then that document is to be identified by stating: (a) each addressor and addressee; (b) each indicated or blind copy; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its present custodian; and (f) the nature of the privilege asserted.

7. In the event any documents called for have been destroyed or discarded, such documents are to be identified by stating: (a) each addressor and addressee; (b) each indicated or blind copy; (c) the document's date, subject matter, number of pages, and attachments or appendices; (d) all persons to whom the document was distributed, shown, or explained; (e) its date of destruction or discard, manner of destruction or discard, and the reason of destruction or discard; and (f) the person who authorized such destruction or discard.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Please admit that no physician and/or other healthcare provider has told, informed, advised, inferred, or suggested to you that SJMC or any of its agents or employees were negligent in your care and treatment on May 19, 2019.

**REQUEST FOR ADMISSION NO. 2:** Please admit that you are not making a claim for emotional damages in this lawsuit as a result of the allegations set forth in your *Petition*.

**REQUEST FOR ADMISSION NO. 3:** Please admit that you have no independent claim of medical negligence against SJMC.

**REQUEST FOR ADMISSION NO. 4:** Please admit that you are not making a claim for damages for past or future lost wages, diminished earning capacity, or any other wage-related claim as a result of the allegations set forth in your *Petition*.

**EXHIBIT B**

## INTERROGATORIES

**INTERROGATORY NO. 1:** Identify yourself fully by stating your name, including nicknames and any other names you have ever used or been known by, date of birth, social security number, driver's license number, current residential address, current business address, marital history, names and ages of all children, and your occupation.

**INTERROGATORY NO. 2:** Please describe in detail the basis of your claim that SJMC was negligent in the care and treatment of you, as alleged in your *Petition*. Your answer should include every fact upon which you rely to support your claim, as well as a description of each and every act and/or omission that you contend evidences your claim against SJMC. (PLEASE NOTE: This request is not seeking an expert or legal opinion. The purpose of this request is to determine why you have sued SJMC and the factual basis for such claims. If the basis of your claim, in whole or in part, is derived or dependence in any way upon the opinions of experts, please include such opinions in your answer.)

**INTERROGATORY NO. 3:** Please identify all people who participated in answering SJMC's *First Set or Written Discovery*.

**INTERROGATORY NO. 4:** Please describe the nature and extent of each and every physical, mental, and emotional injury that you contend was caused by the conduct of SJMC in your lawsuit. [This Interrogatory is not requesting expert medical opinions. It requests that you state your belief, in your own words, about the injuries you claim were sustained because of SJMC.]

**INTERROGATORY NO. 5:** If, on any occasion, you have spoken to any physician and/or healthcare provider who were critical in any way of SJMC, regarding your care and treatment, please identify by name and address all individuals who made those criticisms. Please include the

**EXHIBIT B**

substance of the criticism, whom the criticism was directed toward, the date of the criticism, and the setting for the expression of the criticism.

**INTERROGATORY NO. 6:** Identify the names and addresses for every hospital, clinic, institution, office, other medical facility, and/or pharmacy and every physician, whether M.D. or D.O., medical consultant, therapist, chiropractor, psychologist, psychiatrist, or any other healthcare provider from which or from whom you sought treatment for any reason and/or had prescriptions filled, whether on an inpatient or outpatient basis, during the five (5) years prior to May 2019. Please state the nature of the care or medical services as well as the date of the treatment for each identified provider.

**INTERROGATORY NO. 7:** Please state the name of each expert you intend to call as a witness, and include the following pursuant to OKLA. STAT. tit. 12 § 3226(B)(4)(a)(3):

(a) The substance of the facts and opinions to which each expert is expected to testify;

(b) A summary of the grounds for each opinion;

(c) The qualifications of each expert, including a list of all publications authored by the expert witness within the preceding ten (10) years; [NOTE: a CV which includes this information will be sufficient to answer this portion of the Interrogatory.]

(d) The compensation paid or to be paid to the expert witness regarding any and all review, preparation, summation and/or testimony and preparation for the testimony relating to the expert's review in this case; and

(e) A listing of any other cases in which the expert witness has testified as an expert at trial or by deposition within the preceding four (4) years.

**INTERROGATORY NO. 8:** With regard to each expert opinion of each expert witness identified in answer to Interrogatory No. 7 above, please identify with specificity any documents, writings,

**EXHIBIT B**

treatises, publications, articles, or other authoritative sources which the expert reviewed in forming the expert's opinions and/or which the expert is expected to testify that said authoritative sources and/or writings support the expert's opinions.

**INTERROGATORY NO. 9:** Please state with specificity and particularity each and every act and/or omission that you believe was done or should have been done by SJMC to prevent the alleged injuries and damages you claim to have suffered, and/or for which you seek to recover or receive compensation by way of this lawsuit.

**INTERROGATORY NO. 10:** Please state whether you or anyone acting on your behalf, including your attorneys or investigators, possesses any tape recorded statements or conversations of any person, pertaining to the issues giving rise to this litigation. If your answer is anything other than an unqualified negative, please state the following:

    (a) The identity of every person involved in each tape recorded statement or conversation;

    (b) The date and time that each tape recorded statement or conversation was obtained;

    (c) The substance of each tape recorded statement or conversation; and

    (d) The person currently in possession of such tape recordings.

**INTERROGATORY NO. 11:** Have any medical expenses or other expenses, which you relate to this lawsuit, been satisfied by a payment from a third party, an insurance company or a government program, such as, but not limited to, Medicare/Medicaid? If so, please set forth the nature and extent of those payments.

**INTERROGATORY NO. 12:** Have you ever been a party to a lawsuit, either as a Plaintiff, Defendant, Claimant or Respondent in any matter, whether criminal, civil, worker's compensation, domestic or administrative? If your answer is in the affirmative, state the following:

    (a) The full style of each matter, including venue and case number;

**EXHIBIT B**

(b) The nature of each claim or claims asserted by or against you;

(c) The disposition and resolution of each matter whether by plea, conviction, settlement or judgment; and,

(d) The name of your attorney.

**INTERROGATORY NO. 13:** Please provide your employment history for the past five (5) years including the company name, supervisor name, time period worked, and any specific duties related to said jobs and please provide any information relating to being terminated from any of these jobs and specific reasons why.

**INTERROGATORY NO. 14:** If your response to Request for Admission No. 4 is anything other than an unqualified "admitted," please describe the basis for all claimed past or future lost wages, diminished earning capacity or any other wage-related claim in this lawsuit.

**INTERROGATORY NO. 15:** State, with specificity, the amount of damages you seek to recover against SJMC pursuant to this lawsuit. In answering this Interrogatory, state the amount of damages (including all computations) Plaintiff has and/or will suffer as set forth in the following particulars:

(a) medical expenses, past and future;

(b) lost earnings, past and future;

(c) loss or impairment of earning capacity;

(d) physical pain, past and future;

(e) mental pain, past and future;

(f) permanent disability and disfigurement; and

(g) emotional distress past and future.

*See*, OKLA. STAT. tit. 12 § 3226(A)(2), *Initial Disclosures*, effective November 1, 2009.

**EXHIBIT B**

## REQUESTS FOR PRODUCTION

**REQUEST NO. 1:** Please produce copies of medical bills you claim as damages in this action.

**REQUEST NO. 2:** Please produce a copy of any and all medical records, radiology, diagnostic studies or other records in your possession, under your control, or to which you have reasonable access, regarding your care and treatment at SJMC.

**REQUEST NO. 3:** Please produce a copy of all diaries, journals, notes, or any other documents which you, and/or any other person authored regarding your care and treatment at issue in this lawsuit.

**REQUEST NO. 4:** Please produce copies of every document which you believe supports any of the contentions or facts set forth in your response to Interrogatories, Requests for Admission, Request for Production of Documents or in your *Petition* including, but not limited to, medical records and documents evidencing the nature and extent of the alleged negligence and of your claimed damages.

**REQUEST NO. 5:** Regarding all expert(s) identified in Interrogatory No. 7, please produce:

    (a) A copy of his/her most recent curriculum vitae;

    (b) Current fee schedule;

    (c) All billing statements of each expert concerning any work done in this case;

    (d) All written reports, letters, documents, or memoranda prepared in whole or in part by such expert;

    (e) Any and all notes made by expert(s) during their review of documents relied upon in forming their opinions in this case;

**EXHIBIT B**

(f) Any writings, treatises, publications, articles, or other authoritative sources that have been relied upon by Plaintiff's testifying experts in forming that expert's opinions and/or which the expert is expected to testify that supports that expert's opinions.

(g) A copy of every document you have sent or received from the expert witness including, but not limited to, correspondence, electronic communications, medical records, medical bills, radiological studies, medical literature, documentation regarding alleged damages, expert fees, and any other evidentiary material.

**REQUEST NO. 6:** Please produce a copy of any and all documents or items, including any audio and/or video that Plaintiff intends to offer at trial.

**REQUEST NO. 7:** Please produce any and all documents, writings, photographs, audio, video, data or other written tangible material in your possession, under your control, or to which you have reasonable access and relates in any way to your claims of negligence in this case against any of the Defendants.

**REQUEST NO. 8:** Please produce all correspondence you have received from any person purporting to possess information or knowledge containing any of the allegations set forth in your *Petition* against any of the Defendants.

**REQUEST NO. 9:** Please produce all literature, treatises and/or authoritative texts upon which you intend to rely on at the time of trial.

**REQUEST NO. 10:** Please produce all documents in your possession, under your control, or to which you have reasonable access that you believe tends to show the negligence of SJMC as alleged in your *Petition.*

**EXHIBIT B**

**REQUEST NO. 11:** Please produce all physical evidence that you have in your possession or under your control, or to which you have reasonable access, which supports your responses to all Requests for Admission and Interrogatories.

**REQUEST NO. 12:** With respect to any document requested herein which you allege is exempted from discovery by a privilege, whether attorney-client, work product or other privilege recognized by law, please produce a privilege log identifying by title or description, the document withheld, the date of the document, the document's author, and the basis upon which the document is allegedly privileged.

**REQUEST NO. 13:** Please produce any tape recorded statements or conversations of any person, pertaining to the issues giving rise to this litigation as identified in response to Interrogatory No. 10 above.

**REQUEST NO. 14:** Please produce all documents pertaining to any medical expenses, including lien, subrogation, and letters of conditional payment, that have been paid by a third party, insurance company or governmental program, as identified in response to Interrogatory No. 11 above.

Respectfully submitted,

Jason C. Rush, OBA 20322
Brenna N. Wiebe, OBA 32537
**RODOLF & TODD**
15 E. 5th Street, Sixth Floor
Tulsa, OK 74103-4014
918-295-2100
918-295-7800 facsimile
jrush@rodolfotdd.com
brenna@rodolftodd.com
*Attorneys for Defendants St. John Medical Center, Inc., an Oklahoma corporation*

**EXHIBIT B**

## CERTIFICATE OF SERVICE

This is to certify that on this _26_ day of _Dean_____, 2019 a true and correct copy of the foregoing document was served upon the following individual(s) *via* one or more of the following methods: first-class mail with sufficient postage duly prepaid, facsimile, electronic transmission, or hand delivery.

Gregory J. Denney, Esq., OBA No. 17918
GregDenneyLaw, PLLC
1204 South Cheyenne Avenue
Tulsa, OK 74119
918-295-0077
918-295-8578
greg@gregdenneylaw.com
*Attorney for Plaintiff*

**EXHIBIT B**