# RODOLF & TODD

A PROFESSIONAL LIMITED LIABILITY COMPANY

STEPHEN J. RODOLF
KAREN L. CALLAHAN
LESLIE C. WEEKS
ELIZABETH K. HALL
DAVID A. RUSSELL
CHAD H. MOODY
BRANDON C. WHITWORTH

15 EAST 5TH STREET, 6TH FLOOR
TULSA, OKLAHOMA 74103-4346

PHONE (918) 295-2100
FAX (918) 295-7800

JASON C. RUSH
CHRISTINA M. WOLFRAM
EMILY JONES LUDIKER
RYAN D. ENSLEY
ERIC S. LOGGIN
BRENNA N. WIEBE
CAL R. MCMAHON

February 3, 2020

Gregory J. Denney, Esq
1204 S. Cheyenne
Tulsa, OK 74119
greg@gregdenneylaw.com

**RE:** **Emory vs. SJMC et. al; CJ-19-4085**
**Response to January 30, 202-**

Dear Greg:

I am in receipt of your letter dated January 30, 2020 requesting supplementation. I have reviewed your letter as well as SJMC's responses. I will address each of your requests individually as follows:

**INTERROGATORY NO. 4:** I believe the answer is self-explanatory. It is SJMC's position (at this time given the information it has available to it) that no one caused or contributed to any alleged injuries suffered by Plaintiff. This is spelled out in the response: "Defendant would state that the care Plaintiff received at SJMC was appropriate and within the standard of care." SJMC is unclear what alleged injuries Plaintiff claims to have suffered. However, it does not appear that any of the healthcare providers taking care of her were negligent, hence the statement the care was appropriate and within the standard of care. We plan to stand on our response.

**INTERROGATORY NO. 9:** This Interrogatory seeks information which is privileged and confidential as addressed and spelled-out by the objections. We will stand on our objections and response.

**INTERROGATORY NO. 18:** This Interrogatory seeks information which is privileged and confidential as addressed and spelled-out by the objections. The information you ask for is clearly not discoverable. We will stand on our objections and response.

**EXHIBIT C**

**REQUEST FOR PRODUCTION NO. 8:** I provided the case law, statutes and basis for the fact that statements taken by an attorney are in fact work-product and privileged. We plan to stand on our response and our objections.

**REQUEST FOR PRODUCTION NO. 14:** I provided the case law, statutes and basis for the fact that statements taken by an attorney are in fact work-product and privileged. We plan to stand on our response and our objections.

**REQUEST FOR ADMISSION NO. 5:** This request was denied as worded because it is factually incorrect. The dates and times are wrong. Additionally, it seems that Plaintiff is trying to imply that nothing was done during the period from admission to CT scan which is also incorrect. For these reasons the request was denied as worded.

**REQUEST FOR ADMISSION NO. 8:** This request was denied as worded because it is factually incorrect. EMTALA does not create a continuing obligation to provide cardiac care to a patient and therefore the request, as worded, was denied.

If, after review of this letter and our responses, you still feel the need to discuss and have a meet and confer then I suggest waiting to schedule it until after you have responded to our request for supplementation. That way we can potentially kill two birds with one stone. That said, I am hopeful that Court intervention can be avoided. Please feel free to contact me with any questions. Thank you

Sincerely,

Jason Rush

Cc: Thomas LeBlanc

**EXHIBIT C**